KORNFELD & ASSOCIATES, P.C.
Attorneys for the Debtor and
Debtor-In-Possession
570 Lexington Avenue, 17th Floor
New York, New York 10022
(212) 759-6767
Randy M. Kornfeld (RMK 9908)

Hearing Date: December 21, 2010
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IN RE:                                              Case No. 10-12425 (BRL)

SENSITIVE TOUCH, INC.         Chapter 11

                          Debtor.

-----------------------------------------------------------------X

## NOTICE OF MOTION FOR AN ORDER APPROVING COMPROMISE OF CLAIMS OF CREDITOR / LANDLORD NR PROPERTIES SIX LCC TO THE EFFECT OF EXTENDING DEBTOR'S TIME TO ASSUME OR REJECT LEASE UNTIL CONFIRMATION PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4) AND AUTHORIZING DEBTOR TO ASSUME LEASE AT CONFIRMATION PURSUANT TO BANKRUPTCY CODE SECTION 365(a)

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Sensitive Touch, Inc., as debtor and debtor in possession (the "Debtor"), to approve a stipulation of settlement (the "Stipulation") between the Debtor and creditor NR Properties Six LLC and to extend debtor's time to assume or reject its until confirmation, and to authorize the debtor to assume its lease upon confirmation, pursuant to the Stipulation (the "Motion"), will be held before the Honorable Burton R. Lifland, United States Bankruptcy Judge, Room 623 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on December 21, 2010 at 10:00 a.m, (prevailing Eastern Time), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion, must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the

Bankruptcy Court for the Southern District of New York, must set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtor's estate or property, the basis for the objection and the specific grounds therefor, and must be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and any objection must further be served upon: (i) the Debtor, 1410 Third Avenue, New York, NY 10021 (ii) counsel to the Debtor, Kornfeld & Associates, P.C., 570 Lexington Avenue, New York, NY 10022 (Attn: Randy M. Kornfeld, Esq.) (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Susan Golden, Esq.), so as to be received no later than **December 14, 2010 at 4:00** p.m, **(prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that if no objections to the Motion are timely filed, served and received in accordance with this Notice, the Bankruptcy Court may grant the relief requested in the Motion without further notice or hearing.

Dated: New York, New York
November 22, 2010

Respectfully submitted,

**KORNFELD & ASSOCIATES, P.C.**
*Attorneys for the Debtor*

By:  /s/ Randy Kornfeld
Randy M. Kornfeld (RMK 9908)
570 Lexington Avenue, 17th Floor
New York, NY  10022
(212) 759-6767

KORNFELD & ASSOCIATES, P.C.
Attorneys for the Debtor and
Debtor-In-Possession
570 Lexington Avenue, 17th Floor
New York, New York 10022
(212) 759-6767
Randy M. Kornfeld (RMK 9908)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IN RE:                                           Case No. 10-12425 (BRL)

SENSITIVE TOUCH, INC.,                           Chapter 11

                                Debtor.

----------------------------------------------------------------X

**MOTION FOR AN ORDER APPROVING COMPROMISE
OF CLAIMS OF CREDITOR / LANDLORD NR PROPERTIES SIX LCC
TO THE EFFECT OF EXTENDING DEBTOR'S TIME TO ASSUME OR REJECT
LEASE UNTIL CONFIRMATION PURSUANT TO BANKRUPTCY CODE SECTION
365(d)(4) AND AUTHORIZING DEBTOR TO ASSUME LEASE AT CONFIRMATION
PURSUANT TO BANKRUPTCY CODE SECTION 365(a)**

TO THE HONORABLE BURTON R. LIFLAND,
 UNITED STATES BANKRUPTCY JUDGE:

Sensitive Touch, Inc., the debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, submits this motion (the "Motion") in support of the entry of an Order, pursuant to § 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules, approving the compromise of the claims asserted by creditor NR Properties Six LLC (the "Landlord") against the Debtor, to the effect of extending Debtor's time to assume or reject its lease until confirmation and authorizing Debtor to assume its lease upon confirmation, and respectfully represents and alleges:

**BACKGROUND**

1. On May 3, 2010 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtor is authorized to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") has not been appointed.

2. The Debtor is a medical day spa that opened for business approximately 2 years ago and unfortunately at the beginning of the worldwide economic downturn. It provides a range of aesthetic/cosmetic treatments such as Botox and Restylane. The state of the economy had a heavy effect on such procedures since patients pay for them out of pocket rather than getting reimbursed by a health plan. The Debtor leases a duplex penthouse space at 135 East 55th Street, New York, New York from NR Properties Six LLC. The lease runs through June, 2015. The current monthly rent is $12,239.83.

3. Prior to the filing of the petition, the Landlord had commenced a non-payment proceeding against the Debtor alleging that as of January 1, 2010 the Debtor owed rent arrears of $75,129.83. The Debtor believed it had valid offsets to a portion of these charges by virtue of the Landlord's failure to provide the premises with adequate elevator service resulting in the cancellation of numerous appointments resulting in thousands of dollars of lost business revenue. While the Debtor and the Landlord were negotiating, the Debtor filed a motion to extend its time to assume or reject the lease. The Court granted the motion and entered an order on August 26, 2010 extending the Debtor's time to assume or reject the lease through November 29, 2010.[1]

4. Since the order extending the Debtor's time, the Debtor has been current in the payment of post-petition rent. The Debtor plans to assume its lease upon confirmation but does not now have sufficient funds to cure the rent deficiencies to assume the lease. Accordingly, the

---

[1] As consented to by the Landlord, the Debtor has submitted a bridge order to the Court under separate cover to extend the Debtor's time to assume or reject the lease from November 29, 2010 to December 21, 2010, the date of the hearing on this motion.

Debtor respectfully requests that the Court approve its settlement with the Landlord to extend Debtor's time to assume or reject until confirmation when the Debtor will assume the lease.

**JURISDICTION**

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

6. Pursuant to section 105(a) of the Bankruptcy Code, the Court may enter any order which is just to bring about the reorganization of a Debtor. Here, the Debtor and the Landlord have agreed that the most prudent course of action for both parties is to effectively extend the Debtor's time to assume or reject the lease until confirmation, with the Debtor continuing to pay monthly post-petition rent, at which time the Debtor will assume the lease upon confirmation. The Debtor and the Landlord have entered into the attached Stipulation memorializing their agreement and the Debtor respectfully requests that the Court "so order" the Stipulation.

**Basis for Relief to Accept Compromise**

7. The Debtor has experienced an increase in sales recently parallel to reports of an industry-wide increase. The Debtor and Landlord have agreed that the Debtor confirm its plan before it assumes its lease, the Debtor's primary asset. The Debtor has agreed to file a plan by no later than December 15, 2010 and to expeditiously move forward with confirmation by as early as February 15, 2010 or as soon thereafter as is practicable. Should the Debtor default in either of these obligations or fail to make post-petition payments of rent, the lease will be deemed rejected and the Landlord shall be permitted to move forward with the Debtor's eviction from the premises pursuant to a warrant of eviction which it will be able to obtain from the State Court upon approval of the within Stipulation by the Bankruptcy Court. The warrant of eviction

will be stayed so long as the Debtor does not default under the terms of the within Stipulation.

8. In the interim, the Debtor intends to remain current on its post-petition lease obligations. In addition, the Debtor and Landlord have had some disputes about amounts due the Landlord and certain claimed offsets by the Debtor. By virtue of the Stipulation, the Landlord has agreed, subject to the terms of the Stipulation, to waive approximately $23,000 in alleged arrears.[2]

9. Under the terms of the Stipulation, upon confirmation of the Debtor's plan, the Landlord shall receive a payment of $50,000 from the Debtor to be credited to the alleged arrears with the balance of $30,000 being paid in six equal monthly installments commencing 30 days after confirmation. Accordingly, it is respectfully submitted that the relief requested is in the best interest of this estate and its creditors in that it preserves a significant asset of the Debtor, its lease for its business premises, while enabling the Debtor to make payments that it can afford.

**NOTICE**

10. The Debtor has served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York (Attn: Susan Golden,Esq.), (ii) the twenty (20) largest creditors including the landlord, and (iii) parties in interest who have filed notices of appearance in this case. In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

11. No motion for the relief requested herein has been made to this or any other Court.

WHEREFORE the Debtor respectfully requests that the Court so-order the Stipulation of Settlement between the Debtor and the Landlord extending the Debtor's time to assume or reject its lease until confirmation and authorizing the Debtor to assume its lease upon

---

[2] The Landlord claims that at the time of the filing of this Motion there is approximately $103,000 in alleged arrears.

confirmation, together with such other and further relief as it deems just and proper.

Dated: New York, New York
November 22, 2010

Respectfully submitted,

**KORNFELD & ASSOCIATES, P.C.**
*Attorneys for the Debtor*


By: /s/ Randy Kornfeld
Randy M. Kornfeld (RMK 9908)
570 Lexington Avenue, 17th Floor
New York, NY 10022
(212) 759-6767